# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8375 | **DATE** | 3-14-2012 |
| **CASE TITLE** | Bobby Heard (#2011-0815216) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at the Cook County Jail to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is requested to forward a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is requested to issue summonses for Defendants McCreedy, Black, Van Giesen, Nickerson, and Robinson, and the United States Marshals Service is appointed to serve them. Defendant Cook County is dismissed as a party defendant. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Bobby Heard, presently in custody of the Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint alleges that on November 2, 2011, Heard was subjected to excessive force by Defendants McCreedy, Black, Van Giesen, Nickerson, and Robinson, all Correctional Officers at the Cook County Jail. The complaint also names Cook County as a Defendant.

Heard's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Heard is assessed an initial partial filing fee of $4.27. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Heard's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Heard's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Heard's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Heard's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Heard is transferred to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Heard's factual allegations as true, the court finds that the complaint states a colorable cause of action against Defendants McCreedy, Black, Van Giesen, Nickerson, and Robinson for excessive use of force. *See Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). Although Plaintiff may not have exhausted his administrative remedies prior to filing suit, as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997(e)(a), failure to exhaust is an affirmative defense that Defendants are entitled to raise.

The complaint, however, fails to state an adequate claim for deliberate indifference to a serious medical

## STATEMENT

need. The complaint merely alleges that Heard "was denied (sic) medical attention." Doc. 1 at 5. This entirely conclusory statement does not specify how any Defendant was personally involved; rather, Heard simply makes a general allegation and states that he was denied his constitutional rights. A complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. Consequently, if Heard wishes to pursue a claim of deliberate indifference to a serious medical condition, he must file an amended complaint that places Defendants on notice of how they are alleged to have violated his rights with respect to his medical care.

The complaint names Cook County as a Defendant. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *see generally Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). An unconstitutional policy or custom can be shown by: (1) an express policy causing the loss when enforced; (2) a widespread practice constituting a "custom or usage" causing the loss; or (3) a person with final policymaking authority causing the loss. *See Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008); *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004). Here, the complaint does not allege or even suggest that there was an unconstitutional municipal policy or custom leading to the alleged constitutional violation; instead, the complaint merely alleges an isolated incident of excessive force. Therefore, there is no basis for imposing liability on Cook County, which is dismissed as a Defendant.

To the extent that Heard intended to name Cook County for indemnification purposes, as the complaint seems to suggest (Doc. 1 at 5), there is no need to do so. "[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer … [and] [b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Askew v. Sheriff of Cook County*, 568 F.3d 632, 636 (7th Cir. 2009). Illinois law establishes that the sheriff is an independently elected county officer and not an employee of the county in which he serves. *See ibid*.; Ill.Const. 1970, art. VII, § 4(c); *Moy v. County of Cook,* 640 N.E.2d 926 (Ill. 1994). Illinois law further provides that a county is required to pay for any judgment that may be entered against the county sheriff in his official capacity. *See* 745 ILCS 10/9-102. All this is besides the point here, however, because the complaint does not state a claim against the county sheriff. It follows that Cook County is not a necessary party.

The Clerk shall issue summonses for service of the complaint on Defendants McCreedy, Black, Van Giesen, Nickerson, and Robinson. The Clerk shall also send Heard a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

The United States Marshals Service is appointed to serve the above-named Defendants. The Marshal should send Heard any service forms that must be completed to enable the Marshals Service to effectuate service. If any Defendant can no longer be found at the work address provided by Heard, the Cook County Department of Corrections shall furnish the Marshals Service with that Defendant's last-known address. The Marshals Service is requested to make all reasonable efforts to serve Defendants. The Marshals Service is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Heard is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Heard must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Heard must send an exact copy of any court filing to Defendants (or to defense counsel, once an attorney appears for Defendants). Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper

| STATEMENT |
|---|
| that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Heard. |

<br>

<br>

| STATEMENT |
|---|